# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THANAPONG SAKARAPANEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | No. 3:08-1017 |
| ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| UNITED STATES CITIZENSHIP ) | |
| AND IMMIGRATION SERVICES, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Respondent United States Citizenship and Immigration Services's ("Respondent") Motion for Judgment on the Pleadings in Part and Motion to Dismiss in Part ("Respondent's Motion") (Doc. No. 9) and Memorandum in Support (Doc. No. 10). Petitioner Thanapong Sakarapanee ("Sakarapanee") filed a Response in Opposition ("Response") (Doc. No. 11) and Memorandum in Support (Doc. No. 12). Respondent submitted a Reply (Doc. No. 15). Petitioner has filed for Review of Denial of Application for Naturalization (Doc. No. 1). For the following reasons, Respondent's Motion is **GRANTED**.

-1-

I.  **BACKGROUND**[1]

Sakarapanee, a native and citizen of Thailand, signed a document requesting discharge from the Navy based on alienage on September 12, 1991. Sakarapanee then filed an Application for Naturalization (Form N-400), under the Immigration and Nationality Act ("INA") 316(a) ("INA § 316") on or about February 7, 1995 ("First Application"). (Doc. No. 10, at 1-2). While under oath before an immigration officer, Sakarapanee stated: "I found a loophole and I took it." He further testified that he had read the section of law allowing a discharge based upon alienage and understood that this section of law precluded him from future eligibility for citizenship. On January 13, 1997, the former Immigration and Naturalization Service ("INS") denied this naturalization application on account of Sakarapanee's discharge from military service based on alienage, citing INA § 315, 8 U.S.C. §1426 ("INA § 315").[2] (Doc. No. 10, at 2). Although advised of his right to appeal pursuant to INA § 336(a), 8 U.S.C. § 1447(a), Sakarapanee did not appeal and that decision became final. (Id.).

On April 19, 2005, Sakarapanee filed an Application for Naturalization (Form N-400), under INA § 329, 8 U.S.C. §1440 ("INA § 329") ("Second Application"). Pursuant to INA § 335, 8 U.S.C. § 1446, a designated naturalization examiner interviewed Sakarapanee on April 19, 2006. By a written decision dated April 25, 2006, Sakarapanee was found ineligible for naturalization based upon his application for exemption from military service based upon

---

[1] Unless otherwise noted, all facts are taken from Petition for Review of Denial of Application for Naturalization (USCIS File No. A90-431-459) and Exhibits (Doc. No. 1).

[2] On March 1, 2003, all INS functions were transferred to the newly-created Department of Homeland Security and INS ceased to exist as an independent agency. Respondent is a component agency of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296 §§ 441, 471, 116 Stat. 2135, 2191, 2205 (codified at 6 U.S.C. § 101, et seq.).

alienage. Through counsel Sakarapanee appealed that decision (Form N-336) and a hearing was held. By written Final Determination dated June 20, 2008, Respondent denied that appeal and upheld the decision of the original naturalization officer denying the application based on Sakarapanee's exemption from military service based upon alienage, citing 8 C.F.R. § 315.2(a), 8 C.F.R. § 329.1, and INA § 329. The Final Determination also noted that, because of his alienage exemption, Sakarapanee is permanently barred from obtaining U.S. citizenship.

Pursuant to INA § 310(c), 8 U.S.C. 1421(c) ("INA § 310"), Sakarapanee appeals this denial of his Application for Naturalization. Sakarapanee requests: (1) a hearing de novo pursuant to INA § 310(c) on his Application for Naturalization; (2) a finding of fact and conclusion of law that he is not barred from naturalization by INA § 315; (3) the grant of his Application for Naturalization under INA § 316; and (4) an award of costs and fees.

In response to Sakarapanee's Petition for Review of Denial of Application for Naturalization, Respondent filed a Motion for Judgment on the Pleadings In Part and Motion to Dismiss in Part. (Doc. No. 9).

## II. JUDICIAL REVIEW UNDER INA § 310, 8 U.S.C. § 1426(A)

An applicant for naturalization whose application has been denied, after a hearing before an immigration officer pursuant to INA § 336(a), 8 U.S.C. § 1447(a), may seek review of such denial in the United States district court for the district in which he resides. INA § 310(c).[3]

---

[3] With the Immigration Act of 1990, Pub. L. No. 101-649, § 404, 104 Stat. 4978, Congress removed naturalization from the courts and vested the Attorney General with the sole authority to naturalize persons as citizens of the United States. INA § 310(a), 8 U.S.C. § 1421(a). Under the 1990 Act, district courts have no authority either to grant or deny applications for naturalization. Rather, INA § 310(c) created a process for judicial review of denied applications for naturalization. Abghari v. Gonzales, 596 F. Supp. 2d at 1342 n.4 (quoting De Lara Bellajaro v. Schiltgen, 378 F.3d 1042, 1045 (9th Cir. 2004)).

Section 310(c) further provides: "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Id.; Zayed v. U.S., 368 F.3d 902, 904-05 (6th Cir. 2004).[4] A district court need not hold an evidentiary hearing or conduct additional fact-finding when the legal question presented is a threshold matter. Abghari v. Gonzales, 596 F. Supp. 2d 1336, 1343-44 (C.D. Cal. 2009) ("[a]bsent some otherwise expressed Congressional intent, the mere use of the word 'hearing' in a statute does not mandate an evidentiary hearing be held"); see also Chan v. Gantner, 464 F.3d 289, 295-96 (2nd Cir. 2006) (upholding grant of summary judgment without an evidentiary hearing, finding that 8 U.S.C. § 1421(c) does not establish an alternative statutory practice and review of citizenship denials has heretofore conformed with the practice in civil actions). The Court finds that the questions presented are threshold questions of law and will render its decision on the papers submitted.

### III. STANDARD OF REVIEW FOR RESPONDENT'S MOTION

    A.    *Motion for Judgment on the Pleadings, Fed. R. Civ. Pro. 12(c)*

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. Pro. 12(c). The Court uses the same standard for a 12(c) Motion as for review of a motion to dismiss under Rule 12(b)(6). J.P. Morgan Chase Bank v. Winget, 510 F.3d 577, 581 (6th Cir. 2007). All well-pleaded material allegations of the non-

---

[4] Sakarapanee asks the Court to review INS's Final Determination using the Chevron deference doctrine. However, Congress's explicit directive of de novo review, per INA § 310, precludes this Congressional-intent inquiry. See O'Sullivan v. U.S.C.I.S., 453 F.3d 809, 811-12 (7th Cir. 2006) (rejecting Chevron deference in naturalization cases because "Congress specifically calls for de novo review in naturalization cases, while ordering great deference in other immigration contexts").

moving party's pleadings must be taken as true and "the motion may be granted only if the moving party is nevertheless entitled to judgment." Id. The Court "need not accept as true legal conclusions or unwarranted factual inferences." Id. at 581-82. A Rule 12(c) Motion is granted when there is no material issue of fact and the movant is entitled to judgment as a matter of law." Id. at 582.

  B. *Motion to Dismiss, Fed. R. Civ. Pro. 12(b)(1)*

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Before pleading, if a responsive pleading is allowed, a party may assert by motion a defense of lack of subject-matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). A 12(b)(1) Motion may attack the factual basis of jurisdiction or the claim of jurisdiction on its face. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005). When the factual basis of jurisdiction is challenged, "the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." Id.

**IV.**  **ANALYSIS**

  A. *The Parties' Arguments*

In his Petition, Sakarapanee states that he has met all the eligibility requirements for naturalization under INA § 329 and INA § 316, 8 U.S.C. § 1427 ("INA § 316"), and has complied with all other requirements imposed by law to be naturalized. He further asserts that Respondent wrongfully denied his application for naturalization by erroneously construing INA § 315 and INA § 329 in the following ways: (1) not reasonably interpreting the two statutory provisions in conjunction with one another; (2) ignoring the historical context of INA § 315; and

(3) rendering the provisions of § 329 irrelevant and potentially producing absurd results not intended by Congress.

In its Motion for Judgment on the Pleadings In Part and Motion to Dismiss in Part, Respondent argues that this Court should grant judgment on the pleadings because, as a matter of law, Petitioner is barred from naturalizing under INA § 329 due to his discharge from military service based on alienage. Additionally, Respondent argues that this Court lacks jurisdiction to hear Petitioner's request to consider his naturalization application under INA § 316 because Petitioner failed to exhaust his administrative remedies before seeking judicial review.

B.    *Denial of Sakarapanee's Application for Naturalization Under INA § 329*

As discussed *supra,* the Court reviews the denial of an application for naturalization de novo. INA § 310(c). At issue here is Respondent's Final Determination denying Sakarapanee's Application for Naturalization, Form N-400, filed under INA § 329. (See Doc. No. 1, Ex. A). Section 329 provides for an accelerated naturalization process for aliens or noncitizen nationals who serve in the Selected Reserves of the Ready Reserve or in an active-duty status in the armed forces during specified periods of military combat, including World War I, the Korean War, and the Vietnam War, as well as "during any other period which the President by Executive order shall designate as a period in which Armed Forces of the United States are or were involved." INA § 329. For this accelerated naturalization exception to apply, it is required that the applicant "if separated from such service, was separated under honorable conditions." Id. If so, such applicant may be naturalized,

> if (1) at the time of enlistment . . . such person shall have been in the United States . . . whether or not he has been lawfully admitted to the United States for permanent residence . . . or (2) at any time subsequent to enlistment or induction

Naturalization. (See Doc. No. 1, Ex. A).

such person shall have been lawfully admitted to the United States for permanent residence.

Id. The statute specifically provides, however, that "no person who is or has been separated from such service on account of alienage . . . shall be regarded as having served honorably or having been separated under honorable conditions for the purposes of this section." Id.

It is undisputed that Sakarapanee submitted his 2005 Application for Naturalization under INA § 329. (See Doc. No. 12, at 3) ("As to the 2005 application for naturalization under review, and the only relevant application, Petitioner did file his application under INA § 329"). Also, Sakarapanee cannot dispute that, by the plain language of § 329, anyone who "is or has been separated from . . . service on account of alienage" is ineligible for this section's accelerated naturalization and that he was separated from his military service on the basis of alienage. (See Doc. No. 1, Ex. A, at 1).

Instead, Sakarapanee argues that he is not barred from naturalization under INA § 329 because, in denying his Application, Respondent failed to apply its own governing regulatory exception to an INA § 329 Application, 8 C.F.R. § 315.2.[5] Section 315.2 of the Code of Federal Regulations establishes, "any alien who has requested, applied for, and obtained an exemption from military service on the ground that he or she is an alien shall be ineligible for approval of his or her application for naturalization" with the following relevant exception: (b)(7) an alien "applying for naturalization pursuant to section 329 of the [INA]." 8. C.F.R. § 315.2. However, INA § 329 contains the explicit provision that "no person who is or has been separated from such service on account of alienage . . . shall be regarded as having served honorably or having been

---

[5] The Final Determination does specifically apply 8 C.F.R. § 315.2(a) to Sakarapanee's Application for Naturalization. (See Doc. No. 1, Ex. A).

separated under honorable conditions for the purposes of this section." 8 U.S.C. § 329(b); see also, In re Lennox Watson, 502 F. Supp. 145, 147-48 (D.D.C. 1980) (detailing legislative intent that INA § 329 serve as a separate accelerated naturalization provision, not as an exception to INA § 315 which permanently bars naturalization of aliens who sought and received discharge on account of alienage). Therefore, even after applying 8 C.F.R § 315.2(b)(7) to the facts before the Court, the express terms of INA § 329 bar Sakarapanee's Application for Naturalization. Therefore, the decision of the Respondent is **AFFIRMED** and Respondent's Motion for Judgment on the Pleadings as to the INA § 329 Application for Naturalization is **GRANTED**.

. C. *Review of Sakarapanee's Application for Naturalization Under INA § 316*

As part of his Petition for Review of Denial of Application for Naturalization (Doc. No. 1), Sakarapanee asks the Court to "[g]rant the Application for Naturalization under § 316 of the INA, 8 U.S.C. 1427." (Doc. No. 1, at 4). In his supporting papers it is clear that Sakarapanee is asking the Court to apply INA § 316 to his Application for Naturalization filed under INA § 329 ("Second Application"). Respondent moves to dismiss this claim, arguing that this Court does not have subject matter jurisdiction to review Sakarapanee's request for naturalization under INA § 316 because Sakarapanee failed to exhaust his administrative remedies as to this section. The Court finds Respondent's argument persuasive.

Per INA § 310(c), "after a hearing before an immigration officer under section 1447(a) of this Title, [a person whose application for naturalization has been denied] may seek review of such denial before the United States district court for the district in which such person resides." INA § 310(c); 8 C.F.R. § 336.9. Sakarapanee applied for and was granted such a hearing on his Application For Naturalization under INA § 329, resulting in the Final Determination at issue

here. (Doc. No. 1, Ex. A).

Sakarapanee admits that the Application for Naturalization at issue was filed under INA § 329 only. (Doc. No. 12, at 3). Sakarapanee explains that he applied under INA § 329 and not both INA § 316 and INA § 329 because the USCIS application form limits the applicant to only one basis for the application. However, Sakarapanee maintains that the Court can and should review the application using INA § 316 because the requirements of INA § 316 are an essential factor for naturalization under INA § 329. Therefore his application under INA § 329 implicitly encompasses INA § 316 and his exhaustion of administrative remedies for this Application includes both statutory provisions. The Court finds that the provisions of INA § 329 do not wholly encompass those of INA § 316, therefore Sakarapanee's Application for Naturalization under INA § 316 is not properly before this Court.

Section 316 establishes the general requirements for naturalization, including length of continuous residence necessary, absences allowed, physical presence requirement, moral character determination, and a caveat for persons making extraordinary contributions to national security. INA § 316. As discussed *supra*, INA § 329 establishes an accelerated naturalization process for aliens and noncitizen nationals serving honorably in specific periods of armed conflict. INA § 329. Section 329(b) states:

> A person filing an application under subsection (a) of this section shall comply in all other respects with the requirements of this subchapter, except that – (1) he may be naturalized regardless of age . . .; (2) no period of residence or specified period of physical presence . . . shall be required; (3) service in the military . . . shall be proved by duly authenticated certificate from the executive department . . .; (4) . . . no fee shall be charged.

INA § 329(b). INA § 329 makes special exception to two of the four requirements of INA § 316

-9-

(continuous residence and physical presence). See INA § 329(b). While the courts have held that the good moral character requirement of INA § 316 carries over to INA § 329, see Tan v. U.S. Dept. of Justice, I.N.S., 931 F. Supp. 725 (D. Haw. 1996) (moral character determination in context of INA § 329 Application for Naturalization); Petition of Suey Chin, 173 F. Supp.510 (D.C.N.Y. 1959) (same), Sakarapanee has not shown that the two statutory provisions are so much the same that an application under one would necessarily encompass a review of the other. See Berenyi v. District Director, INS, 385 U.S. 630, 636-37 (1967) ("it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect").

In addition, Sakarapanee filed a Petition for Naturalization under INA § 316 in 1995 ("First Application") that was subsequently denied because of his alienage discharge from the military. (Doc. No. 10, at 2). Sakarapanee did not appeal that decision and it became final. (Id.) Therefore, even if the Second Application encompassed INA § 316, Sakarapanee has failed to exhaust his administrative remedies regarding INA § 316 in specific – he failed to take advantage of the INA § 336 review and hearing on the First Application, as required before filing a Petition for Review in the district court. Therefore this Court lacks subject matter jurisdiction to hear Sakarapanee's application for naturalization under INA § 316. Thus, Respondent's Motion to Dismiss Petitioner's INA § 316 Claim is **GRANTED**.

D. *Sakarapanee's Eligibility for Naturalization Under INA § 315*

Because the Court has granted Respondent's Motion based upon INA § 329 as relied upon in the Final Determination and INA § 316 as suggested by Sakarapanee, the Court will not here consider Sakarapanee's eligibility for naturalization under INA § 315 or the Ninth Circuit's

reasoning in <u>Gallarde v. Immigration and Naturalization Service</u>, 486 F.3d 1136 (9th Cir. 2007).[6]

V.  CONCLUSION

For the foregoing reasons, Respondent's Motion is **GRANTED**. Respondent's Final Determination is **AFFIRMED**. The case is hereby **DISMISSED with prejudice**. The Court declines to award Petitioner's request for costs and fees.

It is so ORDERED.

Entered this 4th day of September, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] The denial, per INA § 315, of Sakarapanee's First Application filed on or about February 7, 1995 was not appealed and is not under review here. (See Doc. No. 10, at 2).

-11-